**Opinion issued April 20, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00104-CR

———————————

**ONEAL GUIDRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1477363**

---

## MEMORANDUM OPINION

Appellant, Oneal Guidry, pleaded guilty to the offense of arson. In accordance with the terms of the plea-bargain agreement, the trial court sentenced appellant to 2 years' incarceration. Appellant filed a notice of appeal.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea-bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.
Do not publish. TEX. R. APP. P. 47.2(b).